■ ERIC J. TIHANI, an Infant, by His Father and Natural Guardian, ELMER TIHANI, Appellant, v BRONX-LEBANON HOSPITAL CENTER, Defendant, and MILTON D. KLEIN, Respondent.—Order, Supreme Court, Bronx County, entered January 27, 1978, denying plaintiff's cross motion to strike the answer of defendant Milton D. Klein, and making other directions with respect to depositions of the parties and hospital records, is modified, on the law and the facts, and in the exercise of discretion, to the extent that the provision directing that the oral deposition of defendant Klein be limited to the treatment of the infant plaintiff and exclude questions as to the treatment of the infant's mother is deleted, and the order is otherwise affirmed, without costs. In this action for medical malpractice arising out of defendant physician's obstetrical services, where the infant plaintiff's mother has apparently not executed an explicit waiver of the physician-patient privilege and is not a party to the lawsuit, we think the physician-patient privileges of the infant and of the mother are so intertwined that the claim of privilege with respect to the treatment of the mother should be determined on rulings made by a Special Term Judge with respect to specific questions that are objected to in the course of the examination rather than making a blanket ruling in advance as Special Term has done here. While the defendant's practice in the making of his "cross-motion" was irregular, we think it was within the discretion of Special Term to excuse that irregularity, particularly as all parties had a full opportunity to present their views. We are particularly disturbed by the fact that an

affirmation by one of the attorneys for the defendant states that the reason for the delays on the part of the doctor is that the doctor "is required to attend to unforeseen medical emergencies in addition to attending to a very active and busy office practice as well as having to make hospital rounds at hospitals at which he has admitted patients." This allegation is denied in a letter from plaintiff's attorney who states that in fact the doctor has retired from medical practice, has no office for the practice of medicine, and is not connected with any hospital; and defendant's attorney does not refute these statements. If the statements contained in plaintiff's attorney's letter are true, then the allegation in defendant's attorney's affirmation is at least irresponsible. Concur—Fein, J. P., Sandler, Silverman and Bloom, JJ.